CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

JARED S. BUSZIN (NYBN 5285838)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Jared.Buszin@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 25-CR-118-RS |
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM |
| v. | Hearing Date: June 30, 2026 |
| MIGUEL VILLA VIVAR, | Hearing Time: 9:30 a.m. |
| | Courtroom: 12, 19th Floor |
| Defendant. | Hon. Richard Seeborg |

## INTRODUCTION

The defendant, Miguel Villa Vivar, is a longstanding Sureño associate who is before the Court for sentencing because he possessed multiple firearms, including a loaded, stolen pistol that he admitted he knew it was unlawful for him to have given his immigration status.

Notwithstanding the seriousness of those facts, it is undisputed the defendant does not have a record of serious criminal convictions and has spent years gainfully employed and providing for his family. He has also accepted responsibility for his conduct and demonstrated a commitment to reform by participating in the Court's restorative justice program and complying with the terms of his bond.

In light of the record as a whole, and upon consideration of the Guidelines and factors set forth in

18 U.S.C. § 3553(a), the United States respectfully recommends that the Court sentence the defendant to a four-month term of imprisonment, to be followed by three years of supervised release subject to the standard conditions and other special conditions proposed by Probation.

## RELEVANT BACKGROUND

### A.    The Offense Conduct

On October 28, 2024, the FBI executed a search warrant seeking records from the defendant's Instagram account.  PSR ¶ 7.  A review of the search warrant returns revealed multiple photos and videos depicting the defendant in possession of firearms, as well as messages discussing firearms.  *Id.* Those messages included one in which the defendant stated he knew he was not permitted to possess firearms because of his immigration status.  *Id.*

On November 14, 2024, the defendant was stopped by California Highway Patrol (CHP) for a traffic violation.  *Id.* ¶ 8.  As the CHP officer was interacting with the defendant, he observed the defendant attempt to conceal a loaded firearm that was on the floorboard by his feet.  *Id.*  The officer ordered the defendant to place his hands on the steering wheel.  *Id.*  The defendant complied with the officer's instruction and stated that he knew he was not supposed to have the gun.  *Id.*  The firearm was seized and a subsequent records check revealed that it had previously been reported stolen out of Texas in 2021.  *Id.*

### B.    The Defendant's Criminal History

The defendant has four prior adult convictions, three of which are for misdemeanor traffic offenses.  PSR ¶¶ 26, 28, 29.  His other adult conviction is for the misdemeanor offense of possessing a dangerous weapon.  *Id.* ¶ 27.  That conviction arose from an incident in which the defendant and another individual were found in possession of clubs with Sureño gang indicia in Sureño gang territory where a physical fight had occurred just a few days before.  *Id.*  The defendant has a history of associating with Sureño gang members and has admitted to having a gang-related tattoo.  *Id.* ¶ 40.

### C.    Procedural History

On March 26, 2025, the defendant was charged via complaint with unlawfully possessing a firearm and ammunition as a person unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A).  PSR ¶ 1.  He was arrested by federal law enforcement on March 29, 2025 and made his

UNITED STATES' SENTENCING MEM.                    2
25-CR-118-RS

initial appearance in federal court on March 31, 2025.  *Id.* ¶ 5.  He was released on bond three days later.  *Id.*

On May 5, 2025, the defendant waived indictment and was charged with the same offense via an Information.  *Id.* ¶ 2.  On January 13, 2026, the defendant pleaded guilty to the charged offense pursuant to a plea agreement with the government.  *Id.* ¶¶ 3-4.  While this case has been pending, the defendant has not violated the conditions of his bond, and he has successfully completed the Court's Restorative Justice Program.  *Id.* ¶¶ 5, 48.

**SENTENCING GUDELINES**

The parties' plea agreement calculates an Adjusted Offense Level of 9, provided the defendant manifests acceptance of responsibility and successfully completes the Court's restorative justice program.[1]  PSR ¶ 4.  An Adjusted Offense Level of 9 and Criminal History Category I yields an advisory sentence range of 4-10 months imprisonment.

**SENTENCING RECOMMENDATION**

**I.     Legal Standard**

The Court should impose a sentence that is sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin by calculating the correct sentencing range under the Guidelines.  *Id.*  "The guideline range provides not only the starting point for sentencing but the lodestar from which the ultimate sentence must be explained and justified."  *Galloway v. United States*, No. 16-71939, 2016 U.S. App. LEXIS 24280, at *16 (9th Cir. Sep. 16, 2016).

After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in § 3553(a).  *Carty*, 520 F.3d at 991-93.  As relevant here, the factors the Court must consider in addition to the Guidelines range

---

[1] This case was originally assigned to an Assistant U.S. Attorney who has since left the U.S. Attorney's Office.  Undersigned counsel was assigned to the matter after the case was referred to Probation for the presentence investigation.  Accordingly, undersigned counsel does not have direct knowledge as to why the plea agreement did not include a two-point enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A), or why it provides for a three-point offense level reduction for successful completion of the restorative justice program. That being said, the government is bound by the plea agreement and it stands by its terms.

UNITED STATES' SENTENCING MEM.                    3
25-CR-118-RS

include:

(1)    The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)    The need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)    The need for the sentence imposed to protect the public from further crimes of the defendant; and

(5)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## II.    Section 3553(a) Factors and Recommended Sentence

The nature and circumstances of the offense in this case are not trivial insofar as the defendant unlawfully possessed a stolen firearm, and evidence from his Instagram account indicated that this firearm was only one of several that he had unlawfully possessed.  Nevertheless, the lack of evidence that the defendant brandished, discharged, or otherwise used his firearms to facilitate other crimes is a potentially mitigating consideration, as is his prompt admission to law enforcement regarding his unlawful possession of the charged gun.

As to the defendant's history and characteristics, his record of associating with members of the Sureño criminal street gang is troubling but must be balanced against the myriad and significant mitigating aspects of his background, PSR ¶¶ 37-42, 50, 52.  Although the defendant does have multiple prior convictions, they are all misdemeanor offenses and none of them is recent.  *Id.* ¶¶ 26-29.

In terms of promoting respect for the law and imposing a sentence that will afford adequate deterrence, the Court should consider that the defendant received sentences of probation after each of his prior convictions, and that type of punishment appears to have been inadequate to deter the defendant from committing further criminal acts, as reflected by his conviction for the instant offense.

<b>CONCLUSION</b>

For the foregoing reasons, the government respectfully recommends that the Court impose a sentence of 4 months imprisonment, to be followed by three years of supervised release subject to the

UNITED STATES' SENTENCING MEM.                4
25-CR-118-RS

standard conditions and other special conditions proposed by Probation

DATED: June 23, 2026                                        Respectfully submitted,

                                                           CRAIG H. MISSAKIAN
                                                           United States Attorney


                                                           _____/S/_____
                                                           JARED S. BUSZIN
                                                           Assistant United States Attorney